Escaarcega-Duran, counsel. Good morning. Anne Trum for Mr. Escaarcega-Duran, who I call Mr. Escaarcega. I'm going to try to reserve two minutes for rebuttal. Before I start, I just wanted to make sure that the – I did send a 28-J letter this last week, and I know sometimes the panel doesn't actually get those. And I just noticed the court of this decision, United States v. SAI, T-S-A-I, and I have copies. I'm going to refer to that in my argument. I have copies of it here, if you would like it. Why don't you give them to the clerk? Okay. Can I do that right now? Yes. Your adjournment is nine minutes, but we'll give you an extra minute if you want to just talk. Okay. Thank you. Thank you. Can I go ahead and start? Yes, please. Okay. Thank you. My client was convicted of illegal reentry, and his sentence was calculated under 2L1.2 of the sentencing guidelines. The new version of that guideline? Not the 2003. It's the 2002. Yes. So they graduated. It's the graduated. Right. It's the graduated. The 2003 also has the graduated. Right. But they changed 2003. Right. That's a particular subsection. Exactly. Okay. So he was convicted under 2L1.2, which at the time of his conviction added a 16-level offense-level increase if you were convicted of illegal reentry after conviction of an alien smuggling offense committed for profit. And the application notes to 2L1.2 don't define alien smuggling offense for this particular increase, but they do define committed for profit, and it's defined as committed for payment or expectation of payment. The issue then is whether my client's statute of conviction qualifies for this increase under the categorical approach, and we maintain that it does not, and that this Court should remand for resentencing so that the district court can consider whether it qualifies under the modified categorical approach. Can you answer one question for me? The guilty plea, which is in the record. Yes. Shows that he was paid, that he was hired. Why doesn't that dispose of this issue? I don't think that the guilty plea in this particular case? Of the prior. Of the prior case. If the guilty plea in the prior case shows that, but I don't have a transcript I haven't seen a transcript of the guilty plea memo or the transcript. I have the judgment. Isn't the plea agreement. Isn't that in the record? I'm not sure. Let me make sure we've got the right. You're referring to our plea memo.  No, no. The original. In the district court of Colorado. Case number 99CR145. Right. M. And you found this plea agreement in the discovery? In the record. In the record. In our case. In this case. File. In the record. Well, then maybe I've overlooked it because I certainly didn't see that in the record. And I apologize. It's not in my briefs. And what it says is that the defendant, Felizardo Escarcega Duran, admitted to being hired to help drive the truck with illegal aliens to Chicago. And does it specifically say that he was going to be paid? It says to being hired. He said he knew that the people in the truck were illegal aliens and that they were going to pay for the trip. Okay. Well, I mean, I guess that goes in. That may show that he did this for payment. I guess my contention then and my problem with this is that that was never presented at sentencing in this particular case. And I don't think it was conceded in this particular case. And so the district court in this case has never seen anything at sentencing other than the PSR. Well, this was in the district court record. I don't know who saw it or when. Maybe you can both tell us that at some point. But somehow it's in the record of the district court. Did you do the sentencing in this case? No, I did not. You did not? Did you have the original district court file? The original district court file? This case. Yes, I did. And you didn't see in there this? I didn't see this thing in there, and I didn't see the sentencing memo, which I may have missed. But I was looking. I looked in the regular file that we had, and I looked in the A file, which is sort of the discovery file that we get at the beginning of the case. And admittedly, I may be wrong. Do you want to take a look at it? Sure. There are no notes. Go ahead. That's just my notes. Those are my notes. Right. But that's the plea agreement. Right. So I may be – I may have overlooked it, but I didn't see it. And I didn't see anything in the record at the sentencing before the district court which raised this issue or made a finding that the court had reviewed this and under the modified categorical approach that the government had proved its burden of showing that this particular prior conviction qualified. Now, this issue wasn't raised at the district court. That's right. So we're here on plain-error review. Exactly. To begin with. But this Court has found in Pimentel-Flores and other cases that the calculation of the guidelines under 2L1.2 is a fundamental problem, and that's a basis for a remand even in a plain-error case. If you hand that back to me, I'll show you where the – where Judge Reinhart was. So given that evidence, and obviously the Court is very concerned about it, I guess I'd like to focus just very briefly on Sy, this case that I mentioned. And then I'll sit down and do the rest on rebuttal. And the case in Sy merely shows the case – the point that I make in my brief, which is that under 1320, the statute of conviction, which is 1324A1B1, where there's that statutory enhancement imposed for transporting an alien for commercial gain or commercial advantage or private financial gain, that there is no requirement to prove that count, that there be payment, actual payment or expected payment. You can show that there is merely a pecuniary motive. And that was my point. So why don't I just reserve the rest? Let me ask you one question. Sure. We've applied the categorical approach. It was used originally in the context of determining whether there was a – was it a crime of violence? Right. I think that's what Taylor was about, if I'm not mistaken. Yes. Burglary. Right. Have we applied it in this kind of context? Yes. The government raises that issue. In my reply, I specifically cite to Pimentel-Flores, where I think the Court explicitly says we are applying the Taylor analysis in this specific sentencing guidelines calculation analysis to see whether a predicate qualifies for the 16-level enhancement. So I think Pimentel-Flores answers that question. Okay. Okay? Thanks. Thank you, counsel. Robert Bork with the United States Attorney's Office in the District of Nevada. Addressing first the issue of the aiding and abetting, I do not believe that that will carry the day. Uniquely, the 1324 smuggling statute has its own built-in aiding and abetting provision. Unlike every other statute, or almost every other Federal criminal statute, where aiding and abetting is presumed, under 1324, it's A-1, Roman V, small and then capital I, there's an aiding and abetting provision. And in the cases cited, that was in Angwin and the Sy case, the defendant was charged with that specifically. And under those circumstances, the Court correctly noted that you could be guilty even though you don't receive the payment, someone you're working with is. In this case, the defendant was not charged with that provision. He was expressly charged with the general smuggling provision, and then also the doing it for the purpose of commercial advantage or private gain. My argument, for the sake of sounding like voodoo economics, is the definitions here aren't based on economic crimes. These are smuggling crimes. And the guidelines and commission decided that the term profit means for payment or expectation of payment. It's not payment over and above expenses. It's not payment over and above the bottom line. It is payment or expectation of payment. So it doesn't even have to be received. And when you compare that with purpose of commercial advantage or private financial gain in the 1324 statute, I think you can see that they are not necessarily incompatible, and certainly the statute is not overbroad. And then when you look at the Seventh Circuit and Eighth Circuit cases, Perez-Ruiz and Juan Manuel, where they say payment can be anything, I think when you equate those two categorically, this offense can be and should be a smuggling offense for profit. Thank you. I guess I was anticipating that the government might sort of clarify how this – whether this particular plea agreement that we were concerned about, how it got to the district court or whether the district court actually saw it and whether it was entered. So I don't think that that question is answered. And I think that really brings back to my sort of primary argument, which is I'm not sure if the district court has seen this. And obviously, this may change this Court's analysis, although I'm not sure that this Court is in the position to do that modified category analysis on something that's not in the record. One other thing. If this case went back, would a change in the guideline result in a lesser sentence now? Absolutely. Absolutely. Because if – I mean, if we are right and they haven't – and they haven't – No, no. I just mean, are the rules different now for what – could he still get the 16 points if the government showed that the prior offense was for profit? He could get it now under the 2003 version of the sentencing guidelines, because in 2003, the Sentencing Commission went – expanded vastly the definition. Now they just talk about an alien smuggling offense. They've deleted that for profit. Even if you did the old version. The old version is tougher, right? The old version is much narrower, exactly. So if you went back and the government pointed to the district court, pointed out disagreement, you'd lose, right? Well, yes, I might lose. But I guess what we're wanting to go – we want to go back to the Court to have the modified categorical approach. And the reason I really – for me, without seeing that agreement, this really wasn't sort of an academic exercise, because the judgment in this case – No, no. I understand without the agreement, it's not an academic – I'm saying having seen the agreement, which is that in his prior offense, he did it for hire and was paid – and for pay. You have nothing to gain by going back, do you? Right. That would answer the question. And I was obviously operating without that information, because the judgment shows – And I think the government was also. Right. And the judgment suggests that he might have actually not done it for profit, because the points creates a real ambiguity in terms of how a sentence was calculated. All right. Thank you. Thank you. The case is argued will be submitted. The next case on the calendar is United States v. Ahmad. Good morning again. Good morning. And to your opponent.
judges: Ferguson, Reinhardt, Paez